1
2

# UDALL|SHUMWAY
COUNSELORS AT LAW SINCE 1965

3

1138 NORTH ALMA SCHOOL ROAD, SUITE 101
MESA, ARIZONA 85201
Telephone: 480.461.5300 | Fax:  480.833.9392

4
5

James B. Reed (014015)
jbr@udallshumway.com
Joel E. Sannes (015999)
jes@udallshumway.com
Carson T.H. Emmons (024094)
cthe@udallshumway.com
docket@udallshumway.com
*Attorneys for Defendant*

6
7
8
9

## UNITED STATES DISTRICT COURT

10

## DISTRICT OF ARIZONA

11
12
13

ARMORED   REPUBLIC,   LLC   d/b/a
AR500   ARMOR,   an   Arizona   limited
liability company,

NO. 2:20-cv-01366-DLR

14

Plaintiff,

15

v.

**DIAMOND AGE'S ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT**

16
17

DIAMOND   AGE   CORP.,   a   Delaware
corporation,

18
19

Defendant.

20

Diamond Age Corp. ("Defendant"), by and through undersigned counsel, hereby

21

submits the following as its Answer to the Verified First Amended Complaint of Plaintiff

22
23

Armored   Republic,   LLC   d/b/a   AR500   Armor   ("Plaintiff").   Defendant's   Answer

24

corresponds to each respective paragraph enumeration of Plaintiff's Amended Complaint,

25

unless stated otherwise. An admission or denial applies to all parts of each respective

26

enumerated paragraph, unless otherwise stated and specifically limited in scope.

27
28

**JURISDICTIONAL ALLEGATIONS**

1.      Defendant lacks sufficient information to admit or deny the allegations stated in paragraph 1 of Plaintiff's Amended Complaint, and therefore denies same.

2.      Defendant denies that there are any failures related to its products sold to Armored Republic.  Defendant denies that it has a "contract with Plaintiff to do business in Arizona."   Defendants otherwise admits the allegations stated in paragraph 2 of Plaintiff's Amended Complaint.

3.      Defendant denies that each and every event, act, or omission complained of by Plaintiff occurred in Maricopa County.  Defendant otherwise admits the allegations stated in paragraph 3 of Plaintiff's Amended Complaint.

4.      Defendant denies that Maricopa County Superior Court has exclusive jurisdiction and venue over this matter based on diversity and federal subject matter jurisdiction.   Defendant otherwise admits the allegations stated in paragraph 4 of Plaintiff's Amended Complaint.

5.      Defendant admits the allegations stated in paragraph 5 of Plaintiff's Amended Complaint.

**GENERAL ALLEGATIONS**

6.      Defendant lacks sufficient information to admit or deny the allegations stated in paragraph 6 of Plaintiff's Amended Complaint, and specifically as to whether Plaintiff manufactures anything, and as to the scope of any product sales by Defendant, therefore denies same.

7.      Defendant admits the allegations stated in paragraph 7 of Plaintiff's Amended Complaint.

8.      Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and therefore denies the allegations stated in paragraph 8 of Plaintiff's Amended Complaint, and therefore denies same.

9.      Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 9 of Plaintiff's Amended Complaint.  Defendant denies that "exclusive Authorized Master Distribution" is a term that exists in the Distribution Agreement to describe a party and that any version of that phrase described the term with respect to "other products developed and/or manufactured by Diamond" beyond any products identified in Exhibit A.  Defendant otherwise admits the allegations stated in paragraph 9 of Plaintiff's Amended Complaint.

10.      Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 10 of Plaintiff's Amended Complaint.  The terms "market and sell" are undefined by Plaintiff and ambiguous as used in the context of the Distribution Agreement, and therefore Defendant lacks sufficient information to

admit or deny the allegations stated in those allegations in paragraph 10 of Plaintiff's Amended Complaint, and therefore denies same.  Defendant affirmatively alleges that the Distribution Agreement, had a contract been formed, would have required certain specific performance by Plaintiff, including actions falling within a person-on-the-street understanding of the terms "marketing" and "sales", which Plaintiff materially failed to undertake and discharge as obligations.

11.     Defendant denies the allegations stated in paragraph 11 of Plaintiff's Amended Complaint.

12.     Defendant denies the allegations stated in paragraph 12 of Plaintiff's Amended Complaint. Defendant further alleges that the parties never agreed to a "cost-plus" purchase agreement.

13.     Defendant denies the allegations stated in paragraph 13 of Plaintiff's Amended Complaint. Defendant further alleges that the "shell" is and was always a component of the final product (i.e., the helmet) and never a product sold by itself.

14.     Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 14 of Plaintiff's Amended Complaint. Defendant denies that Plaintiff has reproduced Section 6(d) of the Distribution Agreement accurately, and affirmatively alleges that Plaintiff has materially deleted material definitional language and thereby materially altered the quoted language, and therefore denies the allegations stated in paragraph 12 of Plaintiff's Amended Complaint.

15.    The language of paragraph 15 of Plaintiff's Amended Complaint is undefined, vague, and ambiguous, and therefore Defendant denies same.

16.    Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 16 of Plaintiff's Amended Complaint. Defendant admits that that paragraph 4(a) of the Distribution Agreement contains the recited language, with the exception of Plaintiff's removal of "from time to time" and the limitation of that language on the recited language  recited in paragraph 14 of Plaintiff's Amended Complaint, and to that extent, denies same.

17.    Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 17 of Plaintiff's Amended Complaint. Defendant affirmatively alleges that Plaintiff materially altered the language of this section of the Distribution Agreement by deleting language and therefore denies same.

18.    Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 18 of Plaintiff's Amended Complaint. Defendant affirmatively alleges that Plaintiff materially altered the language of this section of the Distribution Agreement by deleting language and therefore denies same.

19.     Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 19 of Plaintiff's Amended Complaint. Defendant affirmatively alleges that Plaintiff materially altered the language of this section of the Distribution Agreement by deleting language and therefore denies same.

20.     Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 20 of Plaintiff's Amended Complaint. Defendant affirmatively alleges that Plaintiff materially altered the language of this section of the Distribution Agreement by deleting language and therefore denies same.

21.     Defendant affirmatively states that the allegations in Paragraph 21 are undefined, vague, and ambiguous and therefore denies same. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of a Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 19 of Plaintiff's Amended Complaint.  Defendant affirmatively alleges that Plaintiff's actions regarding marketing and sales with respect to any requirements of the Distribution Agreement were insufficient to discharge Plaintiff's obligations so as to constitute a material breach of the Distribution Agreement in the event that the Court finds that the Distribution Agreement is enforceable between the parties. Defendant otherwise lacks

sufficient information to admit or deny the allegations stated in paragraph 21 of Plaintiff's Amended Complaint, and therefore denies same.

22.     Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 22 of Plaintiff's Amended Complaint.  The language of paragraph 22 of Plaintiff's Amended Complaint is undefined, vague, and ambiguous, and therefore Defendant denies same.  Defendant otherwise denies the allegations stated in paragraph 22 of Plaintiff's Amended Complaint.  To the extent that an enforceable contract in the form of the Distribution Agreement existed between Plaintiff and Defendant, Defendant states that Plaintiff materially breached such agreement. To the extent that an enforceable contract in the form of the Distribution Agreement existed between Plaintiff and Defendant, Defendant states that Plaintiff materially breached such agreement.  Defendant affirmatively alleges that Plaintiff's actions regarding marketing and sales with respect to any requirements of the Distribution Agreement were insufficient to discharge Plaintiff's obligations so as to constitute a material breach of the Distribution Agreement in the event that the Court finds that the Distribution Agreement is enforceable between the parties.

23.     Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 23 of Plaintiff's Amended Complaint. The

language "breach", "untimely delivery", "delivery deadline", and "arrive" in paragraph 23 of Plaintiff's Amended Complaint are undefined, vague, and ambiguous, and therefore Defendant denies same.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.  To the extent that an enforceable contract in the form of the Distribution Agreement existed between Plaintiff and Defendant, Defendant states that Plaintiff materially breached such agreement. Defendant affirmatively alleges that Plaintiff's actions regarding marketing and sales with respect to any requirements of the Distribution Agreement were insufficient to discharge Plaintiff's obligations so as to constitute a material breach of the Distribution Agreement in the event that the Court finds that the Distribution Agreement is enforceable between the parties.  Defendant otherwise denies the allegations stated in paragraph 21 of Plaintiff's Amended Complaint.

24.     Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 24 of Plaintiff's Amended Complaint.  The language "representations from Diamond", "quality of the Products", and "anticipated delivery dates" in paragraph 24 of Plaintiff's Amended Complaint are undefined, vague, and ambiguous, and therefore Defendant denies same.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.  To the extent that an enforceable contract in the form of the Distribution Agreement existed between Plaintiff and Defendant, Defendant states that Plaintiff

materially breached such agreement.  Defendant affirmatively alleges that Plaintiff's actions regarding marketing and sales with respect to any requirements of the Distribution Agreement were insufficient to discharge Plaintiff's obligations so as to constitute a material breach of the Distribution Agreement in the event that the Court finds that the Distribution Agreement is enforceable between the parties.  Defendant otherwise lacks sufficient information to admit or deny the allegations stated in paragraph 24 of Plaintiff's Amended Complaint, and therefore denies same.

25.     Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 25 of Plaintiff's Amended Complaint. The language "incomplete", "partial shipments", "Items that were ordered", "omitted from deliveries", "supplied in lower quantities", and "supplied in different sizes than what was ordered" in paragraph 25 of Plaintiff's Amended Complaint are undefined, vague, and ambiguous, and therefore Defendant denies same.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.  To the extent that an enforceable contract in the form of the Distribution Agreement existed between Plaintiff and Defendant, Defendant states that Plaintiff materially breached such agreement.  Defendant affirmatively alleges that Plaintiff's actions regarding marketing and sales with respect to any requirements of the Distribution Agreement were insufficient to discharge Plaintiff's obligations so as to constitute a material breach of the Distribution Agreement in the event that the Court finds that the

Distribution Agreement is enforceable between the parties.  Defendant otherwise lacks

sufficient information to admit or deny the allegations stated in paragraph 25 of Plaintiff's

Amended Complaint, and therefore denies same.

26.     Defendant affirmatively alleges that the Distribution Agreement lacked a

price term due to the parties never reaching agreement as to Exhibit B, and therefore a

contract in the form of the Distribution Agreement was never formed, and to that extent,

denies the allegations stated in paragraph 26 of Plaintiff's Amended Complaint. The

language "defective", "inferior quality", "intended purpose", "incorrectly matched", "not

fit represented sizes", "incorrect size for the Products", and "items did not fit their

intended purpose" in paragraph 26 of Plaintiff's Amended Complaint are undefined,

vague, and ambiguous, and therefore Defendant denies same.  Defendant denies that it

breached any enforceable contract with Plaintiff, including but not limited to the

Distribution Agreement.  Defendant otherwise lacks sufficient information to admit or

deny the allegations stated in paragraph 26 of Plaintiff's Amended Complaint, and

therefore denies same.

27.     Defendant affirmatively alleges that the Distribution Agreement lacked a

price term due to the parties never reaching agreement as to Exhibit B, and therefore a

contract in the form of the Distribution Agreement was never formed, and to that extent,

denies the allegations stated in paragraph 27 of Plaintiff's Amended Complaint.

Defendant denies that it breached any enforceable contract with Plaintiff, including but

not limited to the Distribution Agreement.  Defendant lacks sufficient information to

admit or deny the allegations stated in paragraph 27 of Plaintiff's Amended Complaint, and therefore denies same.

28.     Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 28 of Plaintiff's Amended Complaint. Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.  Defendant denies that it has threatened to breach any agreement with Plaintiff, including Section 1 of the Distribution Agreement, or that any actions it has taken or contemplated taking constitute a breach of any agreement with Plaintiff.   Defendant otherwise lacks sufficient information to admit or deny the allegations stated in paragraph 28 of Plaintiff's Amended Complaint, and therefore denies same.

29.     Defendant denies the allegations stated in paragraph 29 of Plaintiff's Amended Complaint in full.  Defendant denies that it has ever demonstrated an inability to effectively manage the production of the Products and control the costs related thereto. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, Defendant denies the allegations stated in paragraph 29 of Plaintiff's Amended Complaint. Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.  Paragraph 29 contains terms and language that

are undefined, vague and ambiguous, and therefore Defendant denies same.  Defendant otherwise lacks sufficient information to admit or deny the allegations stated in paragraph 29 of Plaintiff's Amended Complaint, and therefore denies same.

30.     Defendant denies the allegations stated in paragraph 30 of Plaintiff's Amended Complaint.

31.     Defendant denies the allegations in paragraph 31 of Plaintiff's Amended Complaint to the extent that they allege that manufacturing costs are unreasonable, or that there are Diamond product "quality problems", which are vague, ambiguous and undefined terms, or that any action of Defendant violates Distribution Agreement Section 6(d). Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, further denies the allegations stated in paragraph 31 of Plaintiff's Amended Complaint. Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.  Defendant lacks sufficient information to admit or deny the allegations stated in paragraph 31 of Plaintiff's Amended Complaint, and therefore denies same.

32.     Defendant denies in full paragraph 32 of Plaintiff's Amended Complaint.

33.     Defendant admits that Plaintiff has sent written communications to Defendant.  Defendant denies that the complaints constituted claims of breach of contract or breach of the Distribution Agreement, or that the term cure was used, whether specifically or as a term of art in the Distribution Agreement. Defendant affirmatively

alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, Defendant denies the allegations stated in paragraph 33 of Plaintiff's Amended Complaint.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. To the extent that an enforceable contract in the form of the Distribution Agreement existed between Plaintiff and Defendant, Defendant states that Plaintiff materially breached such agreement.  Defendant lacks sufficient information to admit or deny the allegations stated in paragraph 33 of Plaintiff's Amended Complaint, and therefore denies same.

34.     As to paragraph 34 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff has sent written communications to Defendant.  Defendant denies that the communications constitute an exercise of any contract right by Plaintiff against Defendant.   Defendant denies that any manufacturing costs were unreasonable. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent,  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.

35.     Defendant denies in full paragraph 35 of Plaintiff's Amended Complaint. Defendant further alleges that any attempts by Plaintiff to obtain "information about the

manufacture of the Products" was not in good faith but was to aid its attempt to reverse engineer and copy Defendant's products and intellectual property.

36.     As to paragraph 36 of Plaintiff's Amended Complaint, Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. Defendant denies that Plaintiff has any legal right to Defendant's product manufacturing.

37.     As to paragraph 37 of Plaintiff's Amended Complaint, Defendant disputes an enforceable agreement ever existed between the parties, but to the extent such an agreement existed, Defendant admits sending the termination referenced in paragraph 37.

38.     As to paragraph 38 of Plaintiff's Amended Complaint, Defendant disputes an enforceable agreement ever existed between the parties, but to the extent such an agreement existed, Defendant denies in full paragraph 38 of Plaintiff's Amended Complaint.

39.     Defendant admits the allegation contained in paragraph 39 but denies any inference that any enforceable agreement exists or existed between the parties.

40.     Defendant admits the allegation contained in paragraph 40 but denies any inference that any enforceable agreement exists or existed between the parties.

41.     Defendant denies in full paragraph 41 of Plaintiff's Amended Complaint.

42.     Defendant denies in full paragraph 42 of Plaintiff's Amended Complaint.

43.     Defendant denies the allegations in paragraph 43 of Plaintiff's Amended Complaint to the extent that they allege: breach of contract; or that Defendant has demonstrated an "inability to manage production and deliver products"; or that Defendant's products have "unreasonable costs"; or that Plaintiff has any legal right "to assume control of the manufacturing [of] the Products."  Defendant alleges that the foregoing terms are vague, ambiguous, and undefined terms, and therefore denies same. Defendant denies that any action that it has taken has proximately caused any harm or caused any harm that is in any manner legally actionable or in violation of any rights of Plaintiff.  Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.  Defendant otherwise lacks sufficient information to admit or deny the allegations stated in paragraph 43 of Plaintiff's Amended Complaint, and therefore denies same.

44.     Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.  Defendant otherwise lacks sufficient information to admit or deny the allegations stated in paragraph 44 of Plaintiff's Amended Complaint, and therefore denies same.

45.     Defendant denies the allegations in paragraph 45 of Plaintiff's Amended Complaint to the extent that they allege: "defects and quality issues in the products"; or

that Defendant "has caused [Plaintiff] reputational damage or has injured its brand. Defendant alleges that the foregoing terms are vague, ambiguous, and undefined, and therefore denies same. Defendant denies that any action that it has taken has proximately caused any harm or caused any harm that is in any manner legally actionable or in violation of any rights of Plaintiff. Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. Defendant otherwise lacks sufficient information to admit or deny the allegations stated in paragraph 45 of Plaintiff's Amended Complaint, and therefore denies same.

46.     Defendant denies the allegations in paragraph 46 of Plaintiff's Amended Complaint to the extent that they allege that Defendant failed to "timely" provide "good quality" products, or that Defendant has caused to Plaintiff any loss of profits. Defendant alleges that the foregoing terms are vague, ambiguous, and undefined, and therefore denies same. Defendant denies that any action that it has taken has proximately caused any harm or caused any harm that is in any manner legally actionable or in violation of any rights of Plaintiff. Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. Defendant otherwise lacks sufficient information to admit or deny the allegations stated in paragraph 46 of Plaintiff's Amended Complaint, and therefore denies same.

47.     Defendant denies the allegations in paragraph 47 of Plaintiff's Amended Complaint to the extent that they allege: that Defendant failed to "cooperate"; or Defendant had any cognizable "duty to cooperate" with Plaintiff; or that there were "supply chain and product quality issues", or that Defendant has caused to Plaintiff any

damages.   Defendant alleges that the foregoing terms are vague, ambiguous, and undefined, and therefore denies same.   Defendant denies that any action that it has taken has proximately caused any harm or caused any harm that is in any manner legally actionable or in violation of any rights of Plaintiff.   Defendant denies it had an affirmative duty to "fulfill future orders for" Plaintiff. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.   Defendant otherwise lacks sufficient information to admit or deny the allegations stated in paragraph 47 of Plaintiff's Amended Complaint, and therefore denies same.

48.   Defendant admits that it waived the right to require mediation.   Defendant denies that it waived the right to demand arbitration.   Defendant affirmatively states that Plaintiff has waived the right to demand mediation or arbitration.

## CLAIM ONE

### (Declaratory Judgment)

49.   Defendant realleges and incorporates by the reference its allegations set forth in the preceding paragraphs of its Answer as though fully set forth herein.

50.   Defendant lacks sufficient information to admit or deny the allegations stated in paragraph 50 of Plaintiff's Amended Complaint, and therefore denies same.

51.   With regard to paragraph 51, Defendant denies an enforceable agreement ever existed between the parties. However, to the extent such an agreement did exist, Defendant alleges it was validly terminated for cause.

52.     Defendant denies in full paragraph 52 of Plaintiff's Amended Complaint.

53.     With regard to paragraph 53, Defendant is without sufficient information as to Plaintiff's "desires to remain in a contractual relationship with" Defendant and, therefore, denies the same. Defendant affirmatively alleges no enforceable "contractual relationship" ever existed between the parties.

54.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 54 and, therefore, denies the same.

55.     Defendant denies in full paragraph 55 of Plaintiff's Amended Complaint.

## CLAIM TWO

### (Wrongful Termination of Contract – Alternative Claim)

56.     Defendant realleges and incorporates by the reference its allegations set forth in the preceding paragraphs of its Answer as though fully set forth herein.

57.     Defendant denies in full paragraph 57 of Plaintiff's Amended Complaint because there was never an enforceable agreement between the parties.

58.     Defendant denies in full paragraph 58 of Plaintiff's Amended Complaint because there was never an enforceable contract between the parties.

59.     With regard to paragraph 59, Defendant denies an enforceable agreement ever existed between the parties. However, to the extent such an agreement did exist, Defendant alleges it was validly terminated for cause.

60.     With regard to paragraph 60, Defendant is without sufficient information as to Plaintiff's "desires to remain in a contractual relationship with" Defendant and, therefore, denies the same. Defendant affirmatively alleges no enforceable "contractual relationship" ever existed between the parties.

61.     Defendant denies in full paragraph 61 of Plaintiff's Amended Complaint.

## CLAIM THREE

### (Declaratory Judgment)

62.     Defendant realleges and incorporates by the reference its allegations set forth in the preceding paragraphs of its Answer as though fully set forth herein.

63.     Defendant lacks sufficient information to admit or deny the allegations stated in paragraph 63 of Plaintiff's Amended Complaint, and therefore denies same.

64.     Defendant lacks sufficient information to admit or deny the allegations stated in paragraph 64 of Plaintiff's Amended Complaint, and therefore denies same. Defendant denies the allegations in paragraph 64 of Plaintiff's Amended Complaint to the extent that they allege that manufacturing costs are unreasonable, which is vague, ambiguous and undefined and therefore denied by Defendant, or that any action of Defendant violates Distribution Agreement Section 6(d).   Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, further denies the allegations stated in paragraph 64 of Plaintiff's Amended Complaint.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.

65.     Defendant lacks sufficient information to admit or deny the allegations stated in paragraph 65 of Plaintiff's Amended Complaint, and therefore denies same.

66.     As to paragraph 66 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff has sent written communications to Defendant.  Defendant denies that the

communications constitute an exercise of any contract right by Plaintiff against Defendant.  Defendant denies that any manufacturing costs were unreasonable or that Plaintiff has any right to assume control of the manufacturing of Plaintiff's products. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.  Defendant lacks sufficient information to admit or deny the allegations stated in paragraph 66 of Plaintiff's Amended Complaint, and therefore denies same.

67.     Defendant lacks sufficient information to admit or deny the allegations stated in paragraph 67 of Plaintiff's Amended Complaint, and therefore denies same. Defendant does not know what Plaintiff means by Defendant "reject[ing] that invocation", which is undefined, ambiguous, and vague, and therefore denied. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.  Defendant denies that Plaintiff has any legal right to Defendant's product manufacturing.

68.     To the extent that paragraph 68 of Plaintiff's Amended Complaint refers to a dispute between Plaintiff and Defendant, Defendant admits.  To the extent that

paragraph 68 alleges that Plaintiff's claims are based on a reasonable good faith belief in the facts and law supporting Plaintiff's claim in the controversy, Defendant denies. Defendant denies Plaintiff "is permitted to engage in self-help and arrange for the manufacture of the Products itself." Defendant otherwise lacks sufficient information to admit or deny the allegations stated in paragraph 68 of Plaintiff's Amended Complaint, and therefore denies same.

69.     Defendant denies the allegations stated in paragraph 47 of Plaintiff's Amended Complaint.

## CLAIM FOUR

### (Injunctive Relief)

70.     Defendant realleges and incorporates by the reference its allegations set forth in the preceding paragraphs of its Answer as though fully set forth herein.

71.     Defendant denies in full the allegations stated in paragraph 49 of Plaintiff's Amended Complaint.

72.     Defendant denies in full the allegations stated in paragraph 50 of Plaintiff's Amended Complaint.

73.     Defendant denies in full the allegations stated in paragraph 51 of Plaintiff's Amended Complaint.  Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, denies the allegations stated in paragraph 51 of Plaintiff's Amended Complaint.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.  Defendant denies that it has

threatened to breach any agreement with Plaintiff, including Section 1 of the Distribution Agreement, or that any actions it has taken or contemplated taking constitute a breach of any agreement with Plaintiff.

## CLAIM FIVE

### (Breach of Contract)

74.     Defendant realleges and incorporates by the reference its allegations set forth in the preceding paragraphs of its Answer as though fully set forth herein.

75.     As for paragraph 75 of Plaintiff's Amended Complaint, Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.

76.     Defendant admits that any enforceable agreement contains within it an implied duty of good faith and fair dealing but denies such a covenant exists between the parties.

77.     Defendant denies in full the allegations stated in paragraph 77 of Plaintiff's Amended Complaint.

78.     Defendant denies in full the allegations stated in paragraph 78 of Plaintiff's Amended Complaint.  Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed.

Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.

79.     Defendant denies in full the allegations stated in paragraph 79 of Plaintiff's Amended Complaint.  Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed. Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.

80.     Defendant admits telling Plaintiff it would not fulfill any purchase orders but otherwise denies in full the allegations stated in paragraph 80 of Plaintiff's Amended Complaint.  Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.

81.     Defendant denies the allegations stated in paragraph 81 of Plaintiff's Amended Complaint to the following extent.  Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.  Defendant denies that it has failed to comply with any obligations owed to Plaintiff under any agreement that it has

with Plaintiff.  Defendant alleges that to the extent an agreement with Plaintiff exists, that Plaintiff has materially breached it by failing to perform its obligations and honor its covenants.  Defendant denies that it has failed or refused to remedy any breaches or comply with any obligations owed to Plaintiff under the Distribution Agreement, as there is no final and binding and enforceable Distribution Agreement, and Defendant has not breached any portion of it or failed to comply with any obligations of the Distribution Agreement.

82.    Defendant denies in full the allegations stated in paragraph 82 of Plaintiff's Amended Complaint.

83.    Defendant denies in full the allegations stated in paragraph 83 of Plaintiff's Amended Complaint.  There can be no violation of the implied covenant of good faith and fair dealing without a valid contract between the parties. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.

84.    Defendant denies in full the allegations stated in paragraph 84 of Plaintiff's Amended Complaint.  There can be no violation of the implied covenant of good faith and fair dealing without a valid contract between the parties. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution

Agreement was never formed.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.

85.     Defendant denies in full and in all respects and every respect the allegations, stated or implied, direct or indirect, core or dependent the allegations, set forth in paragraph 85 of Plaintiff's Amended Complaint, including the allegation that Defendant has committed breaches of any contract with Plaintiff. Moreover, regardless of whether a contract existed between the parties, Plaintiff is not entitled to specific performance under the Uniform Commercial Code because helmets are not "unique" goods.

86.     Defendant denies in full and in all respects and every respect the allegations, stated or implied, direct or indirect, core or dependent the allegations, set forth in paragraph 86 of Plaintiff's Amended Complaint, including the allegation that Defendant has committed breaches of any contract with Plaintiff.

### CLAIM SIX
### (Breach of Warranty)

87.     Defendant realleges and incorporates by the reference its allegations set forth in the preceding paragraphs of its Answer as though fully set forth herein.

88.     Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. Defendant lacks sufficient information to admit or deny the allegations stated in paragraph 88 of Plaintiff's Amended Complaint, and therefore denies same. Defendant affirmatively alleges that Plaintiff materially altered the language of

Section 9(a) of the Distribution Agreement in Plaintiff's summary of that section by omitting references and language, and Defendant therefore denies same.

89.     Defendant denies in full the allegations stated in paragraph 89 of Plaintiff's Amended Complaint.

90.     With respect to the allegations in paragraph 90 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff has sent written communications to Defendant.  Defendant denies that the complaints constituted claims of breach of contract or breach of the Distribution Agreement, or that the term cure was used, whether specifically or as a term of art in the Distribution Agreement.  Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed, and to that extent, Defendant additionally and independently denies the allegations stated in paragraph 90 of Plaintiff's Amended Complaint.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. To the extent that an enforceable contract in the form of the Distribution Agreement existed between Plaintiff and Defendant, Defendant states that Plaintiff materially breached such agreement. Defendant otherwise lacks sufficient information as to Plaintiff's reference to communications and therefore denies same.

91.     Defendant denies in full and in all respects and every respect the allegations, stated or implied, direct or indirect, core or dependent, stated in paragraph 91 of Plaintiff's Amended Complaint.

92.     Defendant denies in full and in all respects and every respect the allegations, stated or implied, direct or indirect, core or dependent the allegations, set forth in paragraph 92 of Plaintiff's Amended Complaint, including the allegation that Defendant has committed breaches of any contract with Plaintiff. Moreover, regardless of whether a contract existed between the parties, Plaintiff is not entitled to specific performance under the Uniform Commercial Code because helmets are not "unique" goods.

93.     Defendant denies in full and in all respects and every respect the allegations, stated or implied, direct or indirect, core or dependent the allegations, set forth in paragraph 93 of Plaintiff's Amended Complaint, including the allegation that Defendant has committed breaches of any contract with Plaintiff.

## CLAIM SEVEN

### (UCC Claim)

94.     Defendant realleges and incorporates by the reference its allegations set forth in the preceding paragraphs of its Answer as though fully set forth herein.

95.     With respect to the allegations in paragraph 95 of Plaintiff's Amended Complaint, Defendant denies that the UCC applies. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.

96.     With respect to the allegations in paragraph 96 of Plaintiff's Amended Complaint, Defendant denies that the UCC applies. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching

agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed. Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement.

97.     With respect to the allegations in paragraph 97 of Plaintiff's Amended Complaint, Defendant denies that the UCC applies. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed. Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. Defendant denies all other factual allegations contained in paragraph 97.

98.     With respect to the allegations in paragraph 98 of Plaintiff's Amended Complaint, Defendant denies that the UCC applies. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed. Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. Defendant denies all other factual allegations contained in paragraph 98.

99.     With respect to the allegations in paragraph 99 of Plaintiff's Amended Complaint, Defendant denies that the UCC applies. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed. Defendant denies that it breached any enforceable contract

with Plaintiff, including but not limited to the Distribution Agreement. Defendant denies all other factual allegations contained in paragraph 99.

100.   With respect to the allegations in paragraph 100 of Plaintiff's Amended Complaint, Defendant denies that the UCC applies. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. Defendant denies all other factual allegations contained in paragraph 100.

101.   With respect to the allegations in paragraph 101 of Plaintiff's Amended Complaint, Defendant denies that the UCC applies. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. Defendant denies all other factual allegations contained in paragraph 101.

102.   With respect to the allegations in paragraph 102 of Plaintiff's Amended Complaint, Defendant denies that the UCC applies. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed.  Defendant denies that it breached any enforceable contract

with Plaintiff, including but not limited to the Distribution Agreement. Defendant denies all other factual allegations contained in paragraph 102.

103.    With respect to the allegations in paragraph 103, Defendant admits Plaintiff communicated with it, but denies such communication had any legal effect. Defendant denies that the UCC applies. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed. Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. Defendant denies all other factual allegations contained in paragraph 103.

104.    With respect to the allegations in paragraph 104 of Plaintiff's Amended Complaint, Defendant denies that the UCC applies. Defendant affirmatively alleges that the Distribution Agreement lacked a price term due to the parties never reaching agreement as to Exhibit B, and therefore a contract in the form of the Distribution Agreement was never formed.  Defendant denies that it breached any enforceable contract with Plaintiff, including but not limited to the Distribution Agreement. Defendant denies all other factual allegations contained in paragraph 104

## JURY DEMAND

Defendant hereby demands a trial by jury.

## AFFIRMATIVE DEFENSES

Defendant asserts and thereby preserves the following additional affirmative defenses:

a.  Waiver and estoppel;

b.  Acquiescence and consent;

c.  Unclean hands;

d.  Force majeure;

e.  Act of God;

f.  Lack of causation;

g.  Ratification;

h.  Novation;

i.  Speculative damages;

j.  Failure to mitigate damages;

k.  Prevention and frustration of performance;

l.  Intervening, superseding causes;

m. Violation of covenant of good faith and fair dealing by Plaintiff; and

n.  Duress.

Defendant reserves the right to amend its Answer to include additional affirmative defenses that may be supported by the facts and evidence.

## **PRAYER FOR RELIEF**

WHEREFORE, the Defendant Diamond Age Corp., respectfully requests that this Court enter judgment in favor of Defendant as against Plaintiff Armored Republic, LLC d/b/a AR500 Armor, as follows:

A.  Denying all relief, whether monetary, declaratory, injunctive, equitable or otherwise, which Plaintiff requests in its Complaint, and that Plaintiff take

nothing thereby, with any application for an award of attorney fees and filing costs, denied;

B. Awarding to Defendant its reasonable attorneys' fees and costs incurred in this action, including but not limited to, as a basis for such award, A.R.S. §§ 341 and 341.01(A), A.R.S. §§ 12-349 and 350, and, in the event the Court finds the existence of a contract in the form of the Distribution Agreement, then according to the prevailing party fees provision of the Distribution Agreement; and

C. For such other and further relief as this Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 7th day of August 2020.

UDALL SHUMWAY PLC

*/s/ James B. Reed*
James B. Reed
Joel E. Sannes
1138 North Alma School Road, Suite 101
Mesa, AZ  85201
*Attorneys for Defendant*

**ORIGINAL** of the foregoing e-filed
this 7th day of August, 2020 with a COPY mailed
and emailed to:

Bradley A. Burns, Esq.
*bburns@dickinsonwright.com*
Amanda E. Newman, Esq.
*anewman@dickinsonwright.com*
*Dickinson Wright PLLC*
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004
*Attorneys for Plaintiff*

*/s/ Viviana J. Castellanos*

32