**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armored Republic LLC, | No. CV-20-01366-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Diamond Age Corporation, | |
| Defendant. | |

Before the Court are the parties' cross motions for the entry of a protective order, which are fully briefed.  (Docs. 39, 40, 43, 44.)  Armored Republic LLC's ("Armored") motion is granted and Diamond Age Corporation's ("Diamond") motion is denied for the reasons explained below.[1]

This case stems from the business relationship between Armored—an Arizona company that manufactures and sells products such as ballistic and body armor—and Diamond—a Delaware company that develops and manufactures certain ballistic protection products.  On September 10, 2019, the parties allegedly entered into a marketing and distribution agreement (the "Agreement"), which provided that Armored would act as the exclusive distributor—in most of the world—of certain products developed by Diamond.  (Doc. 11 at 2.)  Following the breakdown of their business relationship,

---

[1] Defendant's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion.  *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f)*; Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

1   Armored filed suit against Diamond in Maricopa County Superior Court on May 13, 2020.

2   (Doc. 1-1.)  Diamond thereafter removed the action to this Court on July 10, 2020.  (Doc.

3   1.)  Armored's operative complaint alleges wrongful termination of contract, breach of

4   contract, and breach of warranty claims.  (Doc. 11.)  It also seeks injunctive relief and a

5   declaratory judgment finding, *inter alia*, that the Agreement remains binding on Diamond,

6   that Diamond's manufacturing costs are unreasonable, and that Armored is entitled to

7   assume control of product manufacturing with Diamond's cooperation.  (*Id.*)  In its answer,

8   Diamond brings counterclaims for breach of contract, violation of the Lanham Act,

9   conversion, breach of the covenant of good faith and fair dealing, and unjust enrichment,

10  and, in the alternative, seeks a declaratory judgment.  (Doc. 18.)

11      On December 12, 2020, Diamond filed a motion for protective order.[2]  (Doc. 39.)

12  In its motion, Diamond requests a protective order that would wholly prevent Armored

13  from accessing responsive materials to eight of its requests for production,[3] arguing that

14  the information sought is irrelevant.  In the alternative, Diamond requests that—should the

15  Court conclude that the information Armored seeks is relevant—the Court fashion a

16  remedy allowing Armored to access the information "without [making Diamond] hand[]

17  over [its] trade secrets to a direct competitor."  (*Id.* at 3.)  Specifically, Diamond proposes

18  that the Court direct Armored to re-submit its discovery requests, which Diamond will then

19  answer with responsive non-confidential information; and, should Armored find such

20  answers insufficiently responsive, it can seek *in camera* review of any withheld

21  information by the Court.  (*Id.* at 16.)  In its response, Armored argues that the requests for

22  production objected to by Diamond each seek information relevant to the lawsuit's claims

23  and defenses and proffers a competing protective order that addresses *both* parties'

24  confidentiality concerns while seeking to enable access to the materials necessary to

25  _____

26  [2] The procedural posture of Diamond's motion is peculiar.  Rather than waiting to defensively respond to any future motion to compel discovery filed by Armored, Diamond has proactively filed a motion for protective order seeking relief from providing the responses that it has already refused to give.

27  [3] In its motion, Diamond addresses why it seeks to avoid responding to request for production nos. 2, 3, 4, 5, 11, 12, 14, and 15.  However, Armored suggests that Diamond has also refused to provide responses to five of its interrogatories and an additional nine requests for production.

28

prosecute and defend the litigation.  (Doc. 40.)  In its reply, Diamond does not address or object to Armored's proposed protective order and fails to provide suggested alterations or argue how the parties' interests could be better protected.  Instead, it reiterates its prior arguments, ignoring that Armored proposed an alternative solution.  The Court will deny Diamond's motion and grant Armored's motion.

First, the Court will not enter an order adopting either of Diamond's discovery proposals because the information sought by Armored is relevant.  Particularly, Armored has provided the Court with a chart that sets forth how each of its 17 discovery requests are relevant to the lawsuit's claims or defenses.  (Doc. 40 at 19-22.)   In its argument to the contrary, Diamond contends the information sought is irrelevant because it concerns the Agreement, which is unenforceable.  (Doc. 43 at 16.)  In the alternative, it argues that, even if the Agreement is enforceable, the information sought by Armored is nevertheless irrelevant if the Court adopts its own interpretation—disputed by Armored—of certain provisions, such as the cost-plus provision, in the Agreement.  But the motion before the Court is not a motion for summary judgment.  It would be inappropriate for the Court to make findings regarding the Agreement and its provisions at this juncture.  Perhaps recognizing this fact in its reply, Diamond requests that, should it be persuaded to deny Diamond's motion, the Court stay discovery until it rules on Diamond's not-yet-filed motion for summary judgment.  Diamond contends that, if it were to prevail on its upcoming motion, the need for the release of confidential information will be obviated. Diamond's cursory and last-minute request for a stay under the circumstances is improper. It has failed to file a motion to stay, cite the stay standard, or to even argue that the factors supporting the issuance of a stay are met here.  The Court will deny Diamond's request for a stay.

 Second, the Court will grant Armored's proposed protective order because it is narrowly tailored to protect the parties' confidential information,[4] facilitates access to

---

[4] Armored specifically notes that documents at issue contain the private information of its customers and "would provide [] competitors with insight into the methods and processes by which [it] conducts its business and would reveal sensitive sales data." (Doc. 40 at 11 (quoting *DRK Photo v. McGraw-Hill Companies, Inc.*, No. CV 12-8093-PCT-

1   materials relevant and necessary to prosecute and defend the case, and because the parties'
2   interests in preserving their confidential information outweighs the public's interest in
3   unfettered access to such information.  In contrast, the remedy that Diamond seeks cannot
4   be justified by Diamond's complaints that Armored, a direct competitor, might produce
5   competing products if given access to Diamond's trade secrets.  Rather, "orders forbidding
6   any disclosure of trade secrets or confidential commercial information are rare.  More
7   commonly, the trial court will enter a protective order restricting disclosure to counsel."
8   *Fed. Open Mkt. Comm. of Fed. Res. Sys. v. Merrill*, 443 U.S. 340, 363 n. 24 (1979).  And,
9   even Diamond admits, "[n]ormally, in such situations, a proper remedy would be to have
10  Diamond[] submit its responses stamped 'Confidential' or 'Attorneys' Eyes Only and
11  prohibit the sharing of such by [Armored's] counsel with [Armored] with a confidentiality
12  agreement.'" (Doc. 39 at 15.)  However, it suggests that such an approach, ultimately
13  espoused by Armored, would be insufficient here because one of the attorneys representing
14  Armored is a cousin of Armored's principal.  (*Id.*)  The Court disagrees.  Counsel for
15  Armored have not taken any actions that call into question whether they would respect a
16  confidentiality order issued by the Court.  Counsel should be expected to honor court
17  orders, regardless of familial ties to clients. *See Schreiber v. Friedman*, 15-CV-6861(CBA)
18  (JO), 2017 WL 11508067, at *6 n.4 (E.D.N.Y. Aug. 15, 2017) (citation omitted)
19  ("Defendants argue that in light of the family relationship between [Plaintiff and counsel],
20  they are 'justifiably skeptical that the information will not wind up in the wrong hands.' []
21  Defendants have not offered any support for this assertion beyond their speculation, and
22  there is no evidence indicating that the 'attorney's eyes only' restriction will not be
23  respected.").  Accordingly,

24      **IT IS ORDERED** that Diamond's motion for protective order (Doc. 39) is
25  **DENIED** and Armored's cross motion for protective order (Doc. 40) is **GRANTED.**

26      **IT IS FURTHER ORDERED** that Diamond's stay request is **DENIED.**

27      **IT IS FURTHER ORDERED** that a protective order is entered in connection with

28

PGR, 2012 WL 4932659, at *1 (D. Ariz. Oct. 16, 2012)).

the prospective production by the parties of documents and other information containing trade secret(s) or other confidential research, development, or commercial information pursuant to Fed. R. Civ. P. 26(c)(1)(G) as follows:

## I. Scope of Confidential Information

A producing party may designate for confidential treatment pursuant to this Protective Order all documents[5] and information produced or otherwise disclosed in this action that fall into one or more of the following categories:

- Documents or information that the producing party has a reasonable and good-faith belief contain customer/consumer-identifying information.

- Documents or information that the producing party has a reasonable and good-faith belief contain a trade secret[6] or other confidential research, development, or commercial information pursuant to Fed. R. Civ. P. 26(c)(1)(G).

The Court may, upon a showing of good cause, expand the scope of this protective order in the future to encompass additional categories of documents and information that may be designated as Confidential. Documents and information within this scope may be designated by the producing party for confidential treatment pursuant to this Protective Order by affixing a "Confidential" stamp to each page of such documents and information. Such documents and information, as well as any portion thereof, copies, notes, summaries, exhibits, pleadings, memoranda, declarations or affidavits, proprietary information, financial data, information, and documents, deposition transcripts and/or videotapes, and

---

[5] A "document" shall mean records provided for inspection or copies delivered in lieu thereof in any form in this matter, including printed matter, electronic media or physical things. A "document" shall mean any designated tangible things or electronically-stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

[6] For purposes of this Protective Order, "trade secret" means information, including a formula, pattern, compilation, program, device, method, technique or process, that both: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

any other litigation-related documents (including attorney work product files) that attach or refer to any confidential information (collectively called "Confidential Information") shall be subject to the provisions of this protective order and shall not be used except as provided in this protective order. By treating documents or information as Confidential Information, no party waives the right to challenge any designation of any document or information as "Confidential."

A party may further designate certain Confidential Information, which is highly sensitive and which the producing party reasonably and in good faith believes may cause significant competitive harm to the producing party if disclosed to any persons other can counsel for the parties, as "Attorneys' Eyes Only."  Only documents and information that have been designated as Confidential Information may be further designated as Attorneys' Eyes Only.  Documents and information within this scope may be designated by the producing party for confidential treatment pursuant to this protective order by affixing an "Attorneys' Eyes Only" stamp to each page of such documents and information, in addition to the "Confidential" stamp.  Such documents and information, as well as any portion thereof, copies, notes, summaries, exhibits, pleadings, memoranda, declarations or affidavits, proprietary information, financial data, information, and documents, deposition transcripts and/or videotapes, and any other litigation-related documents (including attorney work product files) that attach or refer to any confidential information (collectively called "AEO Information") shall be subject to the provisions of this protective order and shall not be used except as provided in this protective order.  By treating documents or information as AEO Information, no party waives the right to challenge any designation of any document or information as "Attorneys' Eyes Only."

Any expert witness or third party who is subpoenaed to testify or to produce documents also may designate as "Confidential" or "Attorneys' Eyes Only" any documents, or portions thereof, that refer to, discuss, or describe Confidential Information or AEO Information by affixing to each page the word "Confidential" and/or "Attorneys' Eyes Only," as applicable.  A party wishing to designate portions of a transcript as

"Confidential" or "Attorneys' Eyes Only" pursuant to this protective order must request an original or a copy of the transcript within seven days of the completion of the deposition. Within 30 days after receipt of the deposition transcript, a party may designate as confidential those portions of the transcript that contain confidential matters by affixing a stamp conspicuously designating the information as "Confidential" or "Attorneys' Eyes Only" on those pages of the transcript that the party seeks to protect.  All transcripts will be treated as confidential until the expiration of the seven-day period described in this paragraph.  A party making any designations shall serve upon all counsel of record a complete copy of the transcript including those portions containing the designations.  Any portions of a transcript designated as "Confidential" or "Attorneys' Eyes Only" shall thereafter be treated as confidential in accordance with this protective order.

The failure to designate the information or testimony as "Confidential" or to further designate it as "Attorneys' Eyes Only" waives any such designation and the material in question is no longer subject to the protection of this protective order, unless the disclosure of such Confidential Information was unintentional or inadvertent as set forth in Section II(C), below. Further, a letter merely describing the materials produced and stating at a deposition that all such documents or all testimony in a deposition is "Confidential" shall not be operative of the protections of this protective order. Once designated "Confidential" pursuant to this protective order, copies of such documents shall be deemed confidential and shall not be used except as provided in this protective order.

**II. Persons to Whom Confidential Information May be Disclosed**

**A. Authorized Persons for Confidential Information**

Confidential Information shall not be disclosed or disseminated to any person or entity, with the following exceptions:

1. Parties to this litigation;

2. Counsel for any of the parties; counsel who has been admitted pro hac vice; lawyers employed by counsel of record who are assisting in the preparation of the case; such counsel's support staff, legal assistants, and clerical personnel; and such third-party

copy staff and forensic electronic data retrieval staff employed by any party;

3. The Court and any personnel necessary to facilitate the litigation, including stenographic reporters and clerical and/or other administrative personnel;

4. Expert witnesses or consultants retained by any of the parties, regardless of whether they are intended to be testifying or non-testifying experts, or their respective attorneys in connection with this action, and the employees of such experts or consultants who are assisting them;

5. Witnesses expected to be deposed or to testify in court or by affidavit in this litigation;

6. Any mediator, settlement conference judge, or special master appointed by the Court or agreed to by the parties;

7. Persons who are explicitly named on the Confidential Information as the authors or recipients (including those who received a copy thereof); and

8. Any other persons with the prior written consent of the party that produced or otherwise disclosed the Confidential Information.

**B. Authorized Persons for AEO Information**

AEO Information shall not be disclosed or disseminated to any person or entity, with the following exceptions:

1. Outside counsel and in-house counsel for parties to this litigation; such counsel's support staff, legal assistants, and clerical personnel; and such third-party copy staff and forensic electronic data retrieval staff employed by any Party;

2. The Court and any personnel necessary to facilitate the litigation, including stenographic reporters and clerical and/or other administrative personnel; and

3. Expert witnesses or consultants retained by any of the parties, regardless of whether they are intended to be testifying or non-testifying experts, or their respective attorneys in connection with this action, and the employees of such experts or consultants who are assisting them;

4. Any mediator, settlement conference judge, or special master appointed by the

Court or agreed to by the Parties.

### C. Procedures Regarding Disclosure of Confidential Information

Counsel of record for each party to whom Confidential Information is produced or disclosed shall take reasonable steps to ensure that the use and disclosure of such information takes place in accordance with the provisions of this protective order.

Confidential Information shall not be made available to any person pursuant to subparagraphs II(A)(3)-(8) or II(B)(3)-(4) unless he or she shall have first read this protective order, agreed to be bound by its terms, and signed an "Agreement to Be Bound by Protective Order."

Any producing party who believes that Confidential Information originally disclosed by it has been used or disclosed other than pursuant to the restrictions of this Protective Order by a party to whom the Confidential Information was disclosed may move the Court for an order for such relief as may be appropriate.

### D. Procedures Regarding Inadvertent Disclosure of Confidential Information

The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific materials or information disclosed or as to any other materials or information concerning the same or related subject matter; provided, however, that the disclosing party promptly notifies in writing, within 10 days after discovering such inadvertent or unintentional disclosure, counsel for all parties to whom the materials or information were disclosed that the information is Confidential Information.  Such notice shall constitute a designation of the materials or information as Confidential Information under this protective order.

## III. Uses and Protection of Confidential Information

### A. Protection Generally

Any Confidential Information shall be protected as confidential under the terms of this protective order until such time as: (1) the Court rules on the designation pursuant to a motion by the producing party; or (2) the producing party waives its assertion of

confidentiality expressly in writing; or (3), under circumstances in which the producing party is required by the terms of this protective order to file a motion for a protective order, the producing party fails to do so within the time limits set forth herein. At that time, the materials shall cease to be subject to the protections of this protective order and the information may be used in any fashion consistent with other materials obtained through discovery.

**B. Use of Confidential Information in the Conduct of this Action**

1. Confidential Information may be used by the parties in good faith solely for the purpose of investigating, prosecuting, or defending this action.

2. If a party intends to file any Confidential Information with the Court, such party shall first consult and follow the prescribed procedures set forth in Local Rule 5.6.

**IV.  Removal and Challenge to "Confidential" Designation**

A recipient of information designated as "Confidential" shall not be obligated to challenge the propriety of such designation at the time the document or information so designated is received, and a failure to do so shall not preclude a subsequent challenge thereto.

Any party who believes that any document that has been designated "Confidential" and/or "Attorneys' Eyes Only" does not contain information permitted to be designated under this protective order as Confidential Information and/or AEO Information, as applicable, may request the producing party to remove the designation from the document(s) by providing the producing party with written notice that it believes the "Confidential" and/or "Attorneys' Eyes Only" designation is inappropriate (the "Written Notice").  The Written Notice shall identify each document that the recipient believes should not have been designated "Confidential" or "Attorneys' Eyes Only."  The producing party shall move within 15 days, subject to extension for good cause, after its receipt of the Written Notice for a protective order designating the challenged materials as "Confidential" and/or "Attorneys' Eyes Only," after which that information shall no longer be deemed Confidential Information and/or AEO Information and shall not be subject to

- 10 -

the terms of this protective order.  Prior to the expiration of the 15-day period (subject to extension for good cause) for the producing party to move for a protective order, and in the event that the producing party does move for a protective order in accordance with this paragraph, the challenged information shall remain subject to the terms of this protective order until the 15-day period (subject to extension for good cause) has expired, or, if a motion for a protective order is filed, until the motion is ruled upon by the Court.  For purposes of this protective order, the time to "move" does not mean that the motion has to be heard, only that the motion has been filed within the 30-day period.

A producing party may waive in writing any provisions of this protective order in regard to any Confidential Information produced by it.

If any party is served with a subpoena related to any information designated as "Confidential," such party shall notify the designating party of the subpoena at least five business days prior to the date for compliance with the subpoena.  It shall be the obligation of the designating party to seek relief from the subpoena prior to the due date of compliance.  To give the designating party an opportunity to obtain such relief, the party from whom the Confidential Information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena.

While Confidential Information shall remain under the protection of this protective order until otherwise ordered by the Court, in considering the issue, nothing shall be regarded by the Court as Confidential Information protected hereunder if it is demonstrated that such information either: (1) is in the public domain at the time of disclosure; (2) becomes part of the public domain through no fault of any party or of any third party subject to this Order; (c) is information a party can demonstrate was in its possession at the time of disclosure as a result of a proper and rightfully authorized transmission of such information to the party; or (d) is information a requesting party received at a later date from a third party properly and rightfully in possession of said information.

**V.  Return of Confidential Information**

Within 60 days after the termination of this litigation, and upon written notice by

the producing party to the recipient, the recipient shall choose to either return to the producing party or destroy all documents or other materials afforded confidential treatment pursuant to this protective order.  Notwithstanding the foregoing, counsel for the parties may maintain an archival copy of any such materials if they certify to the producing party that those materials will be maintained in a secure place pursuant to the continuing obligations of this Order, and counsel may retain any confidential information that has become a part of attorney work product.

**VI.  MISCELLANEOUS**

This Order shall not apply to any document or information which: (1) is within the public domain; or (2) is lawfully possessed or lawfully acquired by a party or other person independently of receiving it through disclosure by the producing party in this action. Nothing contained in this protective order shall affect the rights of any party or witness: (1) to object to producing any Confidential Information on any lawful grounds, other than the grounds that the information contains a trade secret or other confidential research, development, or commercial information; or (b) to object to the admission into evidence of any Confidential Information on any lawful grounds, other than the grounds that the information contains a trade secret or other confidential research, development, or commercial information.  Nor shall this protective order be construed as a waiver by any producing party of any legally recognized privilege.

At no time shall the Confidential Information be disclosed to or used by any person, corporation, or entity in competition with or against any of the parties, except as is necessary to defend themselves in the course of this litigation.

The Court will retain jurisdiction for purposes of enforcement or mediation of this protective Order.

Dated this 2nd day of February, 2021.

Douglas L. Rayes
United States District Judge

- 12 -