P. Bruce Converse (AZ 005868)
bconverse@dickinsonwright.com
Bradley A. Burns (AZ 030508)
bburns@dickinsonwright.com
Amanda E. Newman (AZ 032462)
anewman@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Telephone: (602) 285-5000
Facsimile: (844) 670-6009
Firm Email: courtdocs@dickinsonwright.com

*Attorneys for Plaintiff/Counterdefendant*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Armored Republic, LLC d/b/a AR500 Armor, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Diamond Age Corp., a Delaware corporation,<br><br>Defendant.<br><br>And related counterclaims. | Case No. 2:20-cv-01366-DLR<br><br>**MOTION TO STRIKE ANSWER, ENTER DEFAULT, AND DISMISS COUNTERCLAIMS** |

Plaintiff/Counterdefendant Armored Republic, LLC d/b/a AR500 Armor ("Armored Republic") moves to strike the answer of Defendant Diamond Age Corp. ("Diamond") and enter default against Diamond for failure to comply with the Court's pretrial orders and, specifically, failure to retain counsel. Diamond, which is a corporate entity and thus cannot represent itself, is not represented by counsel in this matter and did not comply with the Court's Order that it retain counsel by a certain date. The circumstances warrant striking Diamond's pleadings, entering default, and permitting Armored Republic to move for entry of a default judgment.

1

For similar reasons, Armored Republic also moves for dismissal, with prejudice, of Diamond's counterclaims for failure to prosecute and failure to comply with Court orders.

**I.   Diamond has not obeyed the Court's orders to obtain counsel and has caused the litigation to completely stall.**

"It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004). Accordingly, when the Court granted Diamond's prior counsel's motion to withdraw from the case in March 2021, it ordered that "Defendant shall retain new counsel, and new counsel shall file a notice of appearance, within 30 days of this order." [Order, Doc. 47, 1:20-23]. Diamond's principal subsequently filed a motion to extend that deadline (Doc. 48), which the Court granted in part — specifically, the Court extended to May 17, 2021 the deadline for Diamond to retain new counsel, and for new counsel to file an appearance. [Doc. 51].

Instead of retaining new counsel for the corporation, Diamond's principal filed a Motion to Proceed Pro Se and Request for Stay. [Doc. 52]. The Court denied that motion. [Doc. 53]. By the May 18, 2021 status conference — after the deadline for Diamond to retain new counsel had passed — Diamond had not retained new counsel. No attorney has entered an appearance on behalf of Diamond in this matter since its prior counsel withdrew in March.[1]

---

[1] Diamond's principal, Jake Ganor, recently filed a petition for mandamus relief with the Ninth Circuit, as well as a motion with this Court (Doc. No. 55) to stay proceedings until the Ninth Circuit rules on the mandamus petition. For the reasons set forth in Armored Republic's response to the motion to stay before this Court, filed concurrently with this Motion, the Court should deny the request for a stay. Ganor's pending request to the Ninth Circuit for extraordinary, legally unsupported relief — asking that he be permitted to appear on behalf of Diamond despite the clear and established law that corporations can only appear in federal court through counsel — should not affect the Court's consideration of the instant Motion.

Due to Diamond's failure to retain counsel, the litigation has completely stalled. It cannot advance toward a decision on the merits — either on Armored Republic's claims or on Diamond's counterclaims — in the absence of counsel for Diamond.

## II. Diamond's answer should be stricken as a sanction for its failure to retain counsel.

### A. Striking pleadings is an appropriate sanction for a party's failure to retain corporate counsel.

Striking Diamond's answer and entering default against it is appropriate. First, Diamond failed to obey the Court's orders to retain counsel by a date certain. Rule 16(f)(1)(C) provides that, if a party "fails to obey a . . . pretrial order," the Court "may issue <u>any just orders</u>, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Fed. R. Civ. P. 16(f)(1)(C) (emphasis added). Those sanctions include striking pleadings and rendering a default judgment. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).

Second, "[d]istrict courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

Indeed, courts regularly — and appropriately — strike pleadings and enter default when corporate parties violate court orders to retain counsel. *See, e.g.*, *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("When [corporate defendant] failed to [obtain new counsel], the district court entered a default judgment against it; this was perfectly appropriate."); *Hudson Ins. Co. v. Simmons Constr. LLC*, CV-12-407-PHX-SMM, 2013 WL 11727239, at *1 (D. Ariz. Sept. 23, 2013) (court struck entity defendants' answers for failure to obtain counsel by deadline court sent when granting prior counsel's motion to withdraw); *accord, e.g.*, *VBConversions, LLC v. Gulf Coast Ventures, Inc.*, 2016 WL 11687659, at *2 (C.D. Cal. Jan. 20, 2016) ("[T]he Court finds that striking GCV's Answer to the FAC and entering default is an appropriate sanction for GCV's failure to respond to the Court's OSC and failure to

3

obtain new counsel."); *Crandall v. Semillon Inc.*, 2016 WL 4479397, at *2 (S.D. Cal. Aug. 25, 2016) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it."); *Gen. Elec. Capital Corp. v. Ten Forward Dining, Inc.*, 2011 WL 2671542, at *1 (E.D. Cal. July 6, 2011) ("[A] court may sanction corporate defendants by striking their answer when they fail to retain counsel to defend themselves."); *Rockstar, Inc. v. Original Good Brand Corp.*, 2010 WL 3724244, at *1-3 (D. Nev. Sept. 15, 2010); *Innovation Ventures LLC v. Hoodiamax USA*, 2010 WL 11520527, at *1 (C.D. Cal. May 18, 2010) ("Hoodiamax has failed to retain replacement counsel nearly three months after its counsel withdrew and nearly two months after the Court-imposed deadline to do so. Moreover, Hoodiamax has failed to respond to any of the discovery requests propounded to it before its counsel withdrew. . . . Under these circumstances, the entry of a default judgment against Hoodiamax is warranted."); *Softwareworks Group, Inc. v. Ihosting, Inc.*, 2007 WL 1279495, at *1 (N.D. Cal. Apr. 30, 2007) ("[D]efendants disobeyed the following court orders: (1) the court's February 5, 2007 order to conduct a settlement conference within 60 days; (2) the court's March 6, 2007 order to obtain new counsel; and (3) the court's April 5, 2007 order to show cause. Rule 16(f) of the Federal Rules of Civil Procedure states that if a party fails to obey a scheduling or pretrial order, the judge may make any of the orders provided in Rule 37(b)(2)(B), (C), or (D). Rule 37(b)(2) (C) authorizes court orders striking out pleadings and dismissing actions. This alone would be authority enough for the court to strike defendants' answer and dismiss their counterclaim.").

**B.     Striking the answer is warranted here.**

The Ninth Circuit has "identified five factors that a district court must consider before dismissing a case or declaring a default: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Adriana Int'l Corp. v.*

*Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Id.*

Considering the third and fifth factors — the risk of prejudice to Armored Republic and the availability of less drastic sanctions — striking Diamond's answer and entering default is warranted.

First, Diamond's failure to retain counsel is prejudicing Armored Republic, and that prejudice will increase the longer the situation is allowed to remain. "A [party] suffers prejudice if the [other party's] actions impair [its] ability to go to trial or threaten to interfere with the rightful decision of the case." *Id.* "Failure to produce documents as ordered . . . is considered sufficient prejudice." *Id.*

Here, Diamond's failure to retain counsel has stalled this case indefinitely. Armored Republic is unable to move forward with discovery and toward trial without Diamond being represented. Additionally, Diamond's counsel withdrew shortly after the Court ordered Diamond to produce substantial documents — relevant to both the claims and the counterclaims — that it had withheld. Those documents have still not been produced, and they are unlikely to be produced while Diamond remains without counsel. Armored Republic has been prejudiced because it is unable to advance the case toward a decision on the merits, due to Diamond's failures. *See, e.g.*, *Rockstar, Inc.*, 2010 WL 3724244, at *2 (third factor supported striking pleading and entering default where "Defendant has effectively halted the litigation: it . . . does not appear to have engaged in the discovery that was ordered to be completed by July 28, 2010. . . . Defendant has not retained licensed counsel, though, as a corporation, it is required to do so. . . . Thus, the litigation is no longer progressing, and Plaintiff has been unable to engage in the discovery necessary for it to bring its case to trial"); *Forever 21, Inc. v. Nat'l Stores Inc.*, 2014 WL 12579815, at *1 (C.D. Cal. June 19, 2014) ("The Court also finds that Basement Clothing's failure to obtain new counsel has prejudiced Forever 21 by not

only delaying this litigation, but making it impossible for Forever 21 to obtain a decision on the merits.").

Second, "[l]ess drastic sanctions are simply not available" where the issue is a corporate party's failure to obtain counsel, as ordered. *Forever 21, Inc.*, 2014 WL 12579815, at *1. *See also, e.g.*, *Rockstar, Inc.*, 2010 WL 3724244, at *2-3 (finding it "unlikely that monetary sanctions would be effective to compel Defendant's participation in this case [including through retaining corporate counsel], when the prospect of losing a good deal more money by failing to vigorously defend this case has not been a sufficient stimulus to get Defendant to engage in the litigation up to this point," and finding that, in light of Defendant's failures, "non-monetary sanctions would do little more than waste the Court and Plaintiff's time and resources"). Indeed, Ganor has given no indication that counsel will be retained for Diamond, <u>regardless</u> of the Court's rulings. This is despite the fact that there is <u>nothing</u> about Diamond that meaningfully distinguishes it from all other corporate entities subject to the well-established, centuries-old rule that corporations must appear through attorneys. Under these circumstances, sanctions other than striking pleadings are not reasonably available because it is highly unlikely that they would cause Diamond to retain corporate counsel so the litigation can proceed.

On balance, the five factors strongly support striking Diamond's answer and entering its default. The Court should do so.

### III. The Court should also dismiss Diamond's counterclaims, with prejudice.

For similar reasons, the Court should also dismiss Diamond's counterclaims, with prejudice, for failure to prosecute and failure to comply with court orders.

#### A. Dismissing counterclaims is appropriate when the counterclaimant fails to retain corporate counsel.

Rule 41(b) permits dismissal of claims, with prejudice, for failure to prosecute or failure to comply with court orders. Both occurred here.

Courts often dismiss counterclaims, with prejudice, under Rule 41(b) when corporate defendants fail to comply with orders to retain counsel. *See, e.g.*, *Crandall*, 2016 WL 4479397, at *3 ("In the attorney withdrawal order, the Court warned Fairlane 'that if it fails to obtain new counsel and have counsel file a notice of appearance, it may be subject to default proceedings.' Because Fairlane has failed to comply with the Court's order and failed to prosecute the action, the Court finds it appropriate to dismiss Fairlane's counterclaim . . . . (citation omitted)); *Innovation Ventures LLC*, 2010 WL 11520527, at *1 (dismissing counterclaim under Rule 41(b), with prejudice, because "Hoodiamax has failed to comply with the Court's February 25, 2010 Order [to retain new counsel], resulting in prejudice to Innovation Ventures."); *Schenker, Inc. v. Predator Mogulwear Inc.*, 2007 WL 4556915, at *3 (N.D. Cal. Dec. 20, 2007) ("Defendant's refusal to comply with the orders [to obtain counsel] and rules of this Court warrant a dismissal of defendant's counterclaim with prejudice."); *Solaria Corp. v. T.S. Energie e Risorse, S.R.I.*, 2014 WL 7205114, at *4 (N.D. Cal. Dec. 17, 2014) ("TSE has consistently failed to appear, despite two court orders to do so and extension of time to retain new counsel. TSE's failure to appear and to comply with the Court's orders warrants dismissal of its counterclaims with prejudice."); *Softwareworks Group, Inc.*, 2007 WL 1279495, at *2 (dismissing counterclaim with prejudice under Rule 41(b)).

As in those cases, Diamond has: (a) failed to prosecute its counterclaim, because it cannot do so without counsel; and (b) failed to comply with the Court's orders to obtain counsel. This is grounds for dismissal of Diamond's counterclaims, with prejudice, under Rule 41(b).

**B.     Dismissal of the counterclaims is warranted here.**

In determining whether to dismiss a claim under Rule 41(b), "the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

7

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). These factors weigh heavily in favor of dismissal here.

First, the litigation will be expeditiously resolved with dismissal. If the counterclaim is not dismissed, the litigation will continue to languish (as it has been) because it cannot proceed without Diamond having counsel. This first factor favors dismissal. *See, e.g.*, *Brightpoint Distribution, LLC*, 2017 WL 7310780, at *7 ("Defendant's participation in and later complete withdrawal from the litigation has caused the case to come to a complete halt, and every indication is that Defendant has no intention of rejoining the case. As a result, there will be no resolution of the counterclaim—much less than an expeditious one—without dismissal.").

Second, the court's need to manage its docket favors dismissal for the same reasons. *See, e.g.*, *id.* ("For that same reason, . . . Defendant's refusal to prosecute its counterclaim seriously interferes with the Court's ability to manage its docket.").

Third, Armored Republic (the counterdefendant) will be prejudiced if the counterclaims are not dismissed. Again, the case — including the counterclaims — cannot advance or be resolved at all, due to Diamond's failure to obtain counsel. This third factor favors dismissal. *See, e.g.*, *id.* ("The third factor also strongly supports dismissal. Defendant's withdrawal from the case not only prejudices Plaintiff's ability to prosecute its own claims but also eliminates any chance it would have to defense against the counterclaim. The pendency of the counterclaim against Plaintiff without any possibility of resolution on the merits because of Defendant's own default strongly supports dismissal.").

Although the fourth factor, the public policy favoring disposition on the merits, always militates against dismissal, it is outweighed by the other factors here — particularly because, due to Diamond's absence of counsel, disposition on the merits is not possible. *See, e.g.*, *Softwareworks Group, Inc.*, 2007 WL 1279495, at *2 (due to

defendants' failure to retain counsel, "[d]isposition on the merits appears unlikely, as defendants are failing to move the case along towards a merits-based outcome").

Finally, the fifth factor weighs in favor of dismissal because, again, less drastic alternatives are not available. *See, e.g.*, *Brightpoint Distribution, LLC*, 2017 WL 7310780, at *7 (due to "Defendant's participation in and later complete withdrawal from the litigation" through refusing to retain new counsel, "there are no less drastic measures the Court could apply under these circumstances").

On balance, the five factors strongly support dismissing Diamond's counterclaims with prejudice. The Court should do so.

## IV. Conclusion

Based on Diamond's failure to obey the Court's orders and retain counsel within the time set by the Court, the Court should sanction Diamond by striking its answer, directing the clerk of court to enter Diamond's default, and permitting Armored Republic to move for a default judgment. The Court should also dismiss Diamond's counterclaims with prejudice. A proposed form of order is submitted herewith.

**DATED** this <u>7th</u> day of June, 2021.

**DICKINSON WRIGHT PLLC**

By: */s/ Bradley A. Burns*
    P. Bruce Converse
    Bradley A. Burns
    Amanda E. Newman
    1850 North Central Avenue, Suite 1400
    Phoenix, Arizona 85004
    *Attorneys for Plaintiff/Counterdefendant*

# CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2021, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system, and that it will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants. In particular, paper copies will be sent by mail and email to:

Jake Ganor
Diamond Age Corp.
1215 S. Kihei Rd., Ste. O# 339
Kihei, Hawaii 96753
jakeganor@gmail.com
*Pro Se and on behalf of Defendant*

By:   */s/ Nicole Francini*
         an Employee of Dickinson Wright PLLC

4815-6312-1899 v2 [68273-48]