**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armored Republic LLC, | No. CV-20-01366-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Diamond Age Corporation, | |
| Defendant. | |

This matter arises out of a dispute over whether the parties entered into a three-year contract (the "Agreement") about the sale of steel ballistic helmets. (Doc. 39-1 at 4.) Pending before the Court are Defendant Diamond Age Corporation's motion for summary judgment ("MSJ") (Doc. 72) and Plaintiff Armored Republic LLC's motion for relief pursuant to Federal Rule of Civil Procedure 56(d) (Doc. 73). The Court suspended the MSJ briefing schedule pending resolution of the Rule 56(d) motion, which is fully briefed.

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may issue any appropriate order, including deferring consideration of the motion for summary judgment or denying it, or allowing "time to obtain affidavits or declarations or to take discovery." Fed R. Civ. P. 56(d). The party requesting relief under Rule 56(d) must set forth in its affidavit or declaration: (1) "specific facts it hopes to elicit from further discovery," (2) that "the facts sought exist," and (3) that "the sought-after facts are essential

to oppose summary judgment." *Family Home & Finance Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (discussing former Rule 56(f)). Rule 56(d) relief should generously be granted where a summary judgment motion is filed early in the litigation, "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003). Unless the non-moving party has failed to diligently pursue discovery, such relief should be granted "almost as a matter of course." *Id.* (quoting *Wichita Falls Office Ass'n v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992)).

Plaintiff seeks—and has sought for over a year now—discovery related to establishing that the parties intended to enter the Agreement and a reasonable price for the helmets under the Agreement. (Docs. 73, 73-1.) The Rule 56(d) motion identifies unanswered interrogatories specific documents, and individuals to be deposed (Doc. 40 at 19-22), which the Court has already found relevant and ordered Defendant to produce (Doc. 45). Defendant does not dispute the existence of any documents or individuals sought in discovery.[1] (Doc. 77.) Plaintiff has pursued discovery diligently, filing motions asking the Court to compel discovery. (Doc. 40.) The discovery Plaintiff seeks is essential to oppose the MSJ, which argues that the Agreement is unenforceable because the parties never intended to enter into the agreement and had no reasonable price for the helmets. Under A.R.S. § 47-2305, if parties intend to be bound but fail to fix a price, an agreement is enforceable, and the price is a "reasonable value at the time of delivery." Plaintiff's theory—that the parties intended to enter into the agreement at a reasonable value for the helmets—attacks the MSJ head on. (Doc. 73-1.)

Defendant contends that Plaintiff's discovery requests are irrelevant because the Court could resolve the MSJ by finding the Agreement unenforceable by its text. (Doc. 77 at 4-12.) But just because the motion could conceivably be resolved without taking further

---

[1] Defendant claims that "[f]urther evidence to support [that the parties intended to enter the Agreement when it was signed] is not reasonably believed to exist." (Doc. 77 at 8.) But Plaintiff need not take Defendant's motion as discovery and is entitled to take depositions to investigate this itself.

- 2 -

discovery does not snuff out Plaintiff's chance to marshal a full-throated defense against all arguments raised in the MSJ, including those for which discovery is essential.  In short, Plaintiff need not contest a summary judgment motion without the discovery it is owed.

**IT IS ORDERED** that Plaintiff's Rule 56(d) motion (Doc. 73) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 72) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, if Defendant has not already done so, it shall comply with the Court's order to provide discovery (Doc. 45) within ten days.

Dated this 22nd day of December, 2021.

Douglas L. Rayes
United States District Judge